**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**BEATO OZUNO,**

                              **Plaintiff,**

                              **Civil No. 9:03-CV-00475**
                **v.**           **(GLS/DEP)**

**Dr. VADLAMUDI, Medical Director**
**Mary Corr. Facility; MR. GREEN,**
**Superintendent of Marcy Corr. Facility;**
**K. BELLAMY, C.O.R.C. Ass't; T. EAGAN,**
**C.O.R.C. Director; LESLIE WRIGHT,**
**Assoc. Commissioner Health Services;**
**WILLIAM LAPE, Superintendent Marcy**
**Corr. Facility,**

                              **Defendants.**

---

**APPEARANCES:**                **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Beato Ozuna
Plaintiff, *Pro se*
90462
York County Prison
3400 Concord Road
York, Pennsylvania 17402

**FOR THE DEFENDANTS:**
HON. ELIOT SPITZER                DEBORAH A. FERRO
New York State Attorney General   Assistant Attorney General
Albany, New York 13204-2455

                              JAMES SEAMAN
                              Assistant Attorney General

**Gary L. Sharpe**
**U.S. District Judge**

## MEMORANDUM-DECISION AND ORDER

## I. Introduction

Pending are Ozuna's objections to Magistrate Judge Peebles'

Report-Recommendation.  *See Dkt. Nos. 80-81.*  Upon reviewing the

arguments, the relevant parts of the record, the applicable law, and finding

no clear error, this court adopts the Report-Recommendation in its

entirety.[1]

## II.  Discussion

## A.  Standard of Review

By statute and rule, district courts are authorized to refer prisoner civil

rights case to magistrate judges for proposed findings and

recommendations.  *See* 28 U.S.C. § 636(b)(1)(A), (B); N.D.N.Y. R. 72.3(c);

Gen. Order No. 12, § D(1)(G).

When a report and recommendation is filed, the parties have ten (10)

days from receipt of the report to file specific, written objections to

proposed findings and recommendations, and ten (10) days from the

_____

[1]The Clerk is directed to append Judge Peebles' Report-Recommendation to this
decision, and familiarity is presumed.  S*ee Dkt. No. 79.*

receipt of adversary objections to file responses.  *See* 28 U.S.C. §
636(b)(1)(C); FED. R. CIV. P. 72(b); N.D.N.Y. R. 72.1(c).  The local rules
further require that the objections must specify the findings and
recommendations which are the subject of the objections, and the
substantive basis for these objections.  *See* N.D.N.Y. R. 72.1(c).

    The district court must review *de novo* those portions of the
Magistrate Judge's findings and recommendations that have been properly
preserved by compliance with the specificity requirement.  *See* 28 U.S.C. §
636(b)(1)(C); FED. R. CIV. P. 72(b); N.D.N.Y. R. 72.1(c).  After review, the
district court "may accept, reject, or modify, in whole or in part, the findings
or recommendations made by the magistrate judge ... [and] may also
receive further evidence or recommit the matter to the magistrate judge
with instructions."  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).

    If a party fails to object in a timely manner, it procedurally defaults
and is not entitled to judicial review.  *See Almonte v. New York State Div.
of Parole*, No. 04-CV-484, 2006 WL 149049, at *3 (N.D.N.Y. Jan. 18, 2006)
(citation omitted).  "Although the doctrine of procedural default developed
as a circuit appellate rule, it applies in the district courts as long as parties,
including those appearing *pro se*, receive clear notice of the consequences

of their failure to properly object." *Id*; *see also Thomas v. Arn*, 474 U.S. 140, 149 & n.7 (1985). "[T]he notice requirement is satisfied if the report at least states that the failure to object will preclude appellate review[.]" *Almonte*, 2006 WL 149049, at *3 (citation omitted).[2]

Although failure to object or timely object constitutes procedural default, lack of specificity also gives rise to default. *See id.*, at *4. The local rule requires that objections address specific findings and conclusions. *See id.* Therefore, a party that limits its specific objections to a part of a report's findings or recommendations procedurally defaults as to the remainder. *See id.* Frivolous or conclusory objections also fail to satisfy the specificity requirement. *See id.* Furthermore, mere resubmission of the same papers and arguments as submitted to the magistrate judge fails to comply with the specificity requirement and also results in default. *See id.*

The district court must review *de novo* those portions of the magistrate judge's findings and recommendations that have been properly

---

[2]The following statement accompanies all magistrates' reports issued in this district: "[P]ursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the [c]lerk of [c]ourt. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.**" *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(e); *see Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1983); *Small v. Sec'y of Health & Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

preserved by compliance with the specificity requirement.  *See id.,* at *5; *see also* 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b); N.D.N.Y. R. 72.1(c).[3]  "*De novo* review requires that the court 'give fresh consideration to those issues to which specific objections have been made.'  It will examine the entire record, and make an independent assessment of the magistrate judge's factual and legal conclusions."  *Almonte*, 2006 WL 149049, at *5 (citation omitted).  After review, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge...[and] may also receive further evidence or recommit the matter to the magistrate judge with instructions."  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b); *see also Almonte*, 2006 WL 149049, at *3 (citations omitted).

---

[3]The decision to use procedural default is in the discretion of the district court.  *See Almonte,* 2006 WL 149049, at *4 (citation omitted).  "Such discretion is based on, among other factors, whether the defaulted argument has substantial merit or, put otherwise, whether the magistrate judge committed plain error in ruling against the defaulted party."  *Id.* (citation omitted).  "As the Supreme Court has observed:

'[T]he district court...must exercise supervision over the magistrate.  Even ... [if a procedural default rule permits a] ... district judge ... to refuse to review a magistrate's report absent timely objection ... [t]he rule merely establishes a procedural default that has no effect on the ... court's jurisdiction.  The district judge has jurisdiction over the case at all times.  He retains full authority to decide whether to refer a case to the magistrate, to review the magistrate's report, and to enter judgment.  Any party that desires plenary consideration need only ask.  Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review, *sua sponte* or at the request of a party, under a *de novo* or any other standard.'"  *Id.* (quoting *Thomas v. Arn*, 474 U.S. 140, 154 (1985)).

"The more complex question arises when a party procedurally defaults, the court is not statutorily mandated to conduct *de novo* review nor does it elect to do so, but it concludes that some review is in order nonetheless."  *Almonte*, 2006 WL 149049, at *5.  Under these circumstances, it is within the court's discretion to elect an appropriate review standard.  *See id.*

In the case of procedural default, "28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure are both silent on the review standard[.]..."  *Id.*  "[D]istrict courts have applied standards with varying names and definitions."  *Id.*, at *6.  "[S]ome adopt the 'clearly erroneous' standard that is articulated in the statute and federal rule governing review of a magistrate judge's nondispositive orders, and referenced in the 1983 Advisory Committee Note."[4]  *Id.* (citations omitted).  "Given the definition typically assigned to 'clearly erroneous,' the courts review a report to determine whether the findings are against the clear weight of the

_____

[4]"The Rule 72(b) Advisory Committee Note suggests that the court will review for 'clear error,' stating:
    'When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  FED. R. CIV. P. 72(b) advisory committee's note (1983) (citations omitted); *see also Almonte*, 2006 WL 149049, at *5 (citations omitted).

evidence, or whether the recommendations cause the court to definitely and firmly conclude that a mistake has been committed." *Id.* "Other courts have adopted a 'contrary to law' standard which means that the report fails to apply, or misapplies, relevant statutes, case law, or rules of procedure." *Id.* (citations omitted). "When excusing procedural default in the interests of justice, the Circuit has reviewed the underlying decision or report for 'plain error.'" *Id.* (citations omitted). "Plain error is one that is clear or obvious and affects substantial rights." *Id.* (citations omitted).

"Mindful that district courts retain jurisdictional authority over all dispositive issues, this court routinely reviews reports before entering final judgment whether objections are registered or not." *See Almonte*, 2006 WL 149049, at *6. When the court does so, however, it is aware that the reports are generated by magistrate judges with extraordinary professional and judicial experience." *Id.* "Accordingly, when required by statute or rule or when the court's routine review so dictates, the court will make a *de novo* determination of findings and recommendations." *Id.* "Absent *de novo* review, the court will apply a 'clearly erroneous' standard, and defines that phrase as follows: a report is clearly erroneous if the court determines that there is a mistake of fact or law which is obvious and affects

7

substantial rights." *Id.* "Furthermore, the court will routinely identify issues which have been procedurally defaulted, and articulate the standard of review applied to all issues." *Id.*

## B. Objections

In his objections, Ozuna informs the court that he does not have access to a law library or legal aid.  He further claims that he does not speak english and does not understand the proceedings.  He contends, however, that he has sufficient evidence to prove a violation of his civil rights at trial.  While these objections may be true, Ozuna has not provided the court with any evidence to support his claims.  Moreover, while the court is willing to give a greater degree of leniency to *pro se* plaintiffs, and liberally construe the papers to give effect to their claims, Ozuna has not provided any meaningful objections to Judge Peebles' findings. Accordingly, since this court finds no clear error in Judge Peebles' report it is adapted in its entirety, and the defendants' motion for summary judgment is granted.

## III.  Conclusion

Having reviewed Ozuna's objections to the Report and Recommendation under a clearly erroneous standard, this court adopts the

recommendation of Judge Peebles for the reasons stated.

   **WHEREFORE**, for the foregoing reasons, it is hereby

   **ORDERED** that the motion for summary judgment filed on behalf of

the defendants (*Dkt. No. 61*) be **GRANTED**, and the complaint **DISMISSED**

**IN ITS ENTIRETY**; and it is further

   **ORDERED** that the Clerk of the Court provide copies of this Order to

the parties.

**IT IS SO ORDERED.**

July 11, 2006
Albany, New York

Gary L. Sharpe
U.S. District Judge

9